NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0153n.06

Case No. 21-3347

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 11, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ANA RIVAS-DUBOU; ELSI ALEJANDRA VILLEGAS-RIVAS, | ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW FROM A FINAL ORDER OF THE |
| v. | ) ) | BOARD OF IMMIGRATION APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) ) | |
| Respondent. | ) ) | |

Before: SILER, KETHLEDGE, and READLER, Circuit Judges.

SILER, Circuit Judge. Ana Rivas-Dubou, with her child as a derivative claimant, seeks review of her claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because substantial evidence in the record supports the IJ's adverse credibility determination, we **DENY** Rivas-Dubou's petition for review.

### I. BACKGROUND

In 2016, Rivas-Dubou and her child, native citizens of El Salvador, entered the United States without inspection. The Department of Homeland Security placed them in removal proceedings. Rivas-Dubou conceded the removability charge and sought asylum, withholding of removal, and protection under CAT.

In her asylum application, Rivas-Dubou stated that gang members entered her home, beat her grandmother, and raped her in front of her grandmother. She specified that this event took place on October 20, 2016. According to her application, after the attack, Rivas-Dubou and her grandmother went to the home of Rivas-Dubou's mother, where Rivas-Dubou received a threatening phone call from the gang members demanding money. Finally, she stated that she left El Salvador on October 26, 2016.

Rivas-Dubou supplemented her asylum application with an affidavit from her grandmother, who confirmed that the attack occurred on October 20, 2016, as described in Rivas-Dubou's asylum application. Her grandmother further explained that Rivas-Dubou had been under the care of her mother since the attack.

In 2019, an immigration judge ("IJ") held removal proceedings for Rivas-Dubou. At her hearing, Rivas-Dubou discussed the brutal attack on which she based her claims for relief. However, several parts of her testimony deviated from her written statement. For instance, she told the IJ that the attack had occurred on October 26—not October 20. She also mentioned that the gang members had called her twice but that her grandmother was absent for these calls because by that time, Rivas-Dubou had taken her grandmother to her uncle's home. According to her testimony, when Rivas-Dubou left El Salvador, her grandmother was in her uncle's care. The IJ noted these discrepancies along with the absence of an affidavit from Rivas-Dubou's mother, and the IJ concluded that Rivas-Dubou was not credible. The IJ also concluded that Rivas-Dubou's claims would fail, in any event, on the merits.

On appeal to the Board of Immigration Appeals ("BIA"), Rivas-Dubou challenged these findings, while also raising a due process claim. The BIA rejected the due process claim and affirmed the IJ.

**II. DISCUSSION**

Where the BIA "adopts the IJ's decision and supplements that decision with its own comments," we review the decisions of both the BIA and the IJ. *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). We review credibility determinations for substantial evidence, leaving them undisturbed unless a reasonable adjudicator would be compelled to conclude the contrary. 8 U.S.C. § 1252(b)(4)(B); *Kilic v. Barr*, 965 F.3d 469, 473 (6th Cir. 2020). Under the REAL ID Act of 2005, an IJ may base her credibility determination on "the consistency of [an applicant's oral or written statement] with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Even a single discrepancy may support an adverse determination. *Marikasi v. Lynch*, 840 F.3d 281, 288 (6th Cir. 2016).

Here, the record supports the IJ's findings as to the inconsistencies regarding the date of the attack and the whereabouts of Rivas-Dubou's grandmother. During her testimony, Rivas-Dubou stated that she was attacked on October 26, 2016; but both her asylum application and her grandmother's affidavit provided the date as October 20, 2016. Furthermore, she indicated in her asylum application that she left El Salvador on October 26, 2016. Rivas-Dubou also testified that her grandmother went to live with her uncle after the attack and that she left her grandmother with her uncle before Rivas-Dubou herself departed from El Salvador. However, her asylum application and the attached affidavit from her grandmother indicated that she had been staying with Rivas-Dubou's mother.

Moreover, the IJ sought out and considered Rivas-Dubou's explanations for the inconsistencies "to verify that an inconsistency actually exists." *Marouf v. Lynch*, 811 F.3d 174, 182 (6th Cir. 2016). The IJ asked Rivas-Dubou if she was "sure the attack occurred on that day,"

and Rivas-Dubou confirmed her answer, explaining that it was a date she could "never forget," as it "marked [her] life forever." Thereafter, the IJ provided Rivas-Dubou with an opportunity to explain the discrepancies, asking whether "there [was] a reason" her asylum application indicated that Rivas-Dubou had departed from El Salvador that same day; Rivas-Dubou responded, "No." The IJ then asked whether there was a reason the date of the attack was listed differently in her grandmother's affidavit; Rivas-Dubou responded, "I don't know. My grandmother was not doing good." The IJ continued in her line of questioning, asking Rivas-Dubou if she knew why her grandmother had failed to mention that she was living with Rivas-Dubou's uncle, as Rivas-Dubou had testified; again, Rivas-Dubou responded, "No." It was not unreasonable for the IJ to render an adverse credibility determination in light of these actual inconsistencies and in light of the explanations offered by the applicant.

But Rivas-Dubou argues that the IJ overlooked her psychological and mental state, as well as possible linguistic and cultural hurdles. To be sure, an inconsistency cannot support an adverse credibility determination "when there is a strong indication it results from translation errors or language-based misunderstanding, particularly when it is belied by an extensive record of otherwise consistent statements and corroborating evidence." *Marouf v. Lynch*, 811 F.3d 174, 182 (6th Cir. 2016). Furthermore, an "inability to accurately recall the date when a traumatic event occurred is not particularly probative of a witness's credibility when alleging traumatic persecution, because such traumatic persecution itself may cause the witness difficulty in recalling details of the incident." *Id*. at 185. But nothing in the record here suggests that Rivas-Dubou struggled to remember the details of the incident; in fact, she testified that she could "never forget" that day. She affirmatively offered an exact date, and when given the opportunity to explain the inconsistency, she offered no basis for the IJ to overlook the contradiction. Nor does anything

suggest that these specific inconsistencies arose from misunderstandings caused by linguistic or cultural differences, and Rivas-Dubou fails to direct us toward any specific examples where a misunderstanding may have occurred.

Another factfinder might have found these minor inconsistencies insufficient to undermine Rivas-Dubou's credibility, but, under our limited review, even an "inaccuracy categorized as *de minimis* [] may still support an adverse credibility determination." *See Slyusar v. Holder*, 740 F.3d 1068, 1074 (6th Cir. 2014). And we cannot say that the record compels a contrary conclusion. Because an adverse credibility determination is fatal to applications for asylum, withholding of removal, and CAT protection, we decline to address Rivas-Dubou's arguments as to the merits of her claims for relief. *Zhao v. Holder*, 569 F.3d 238, 249 (6th Cir. 2009).

Finally, we reject Rivas-Duvou's due process claim. We review due process violations using a two-step inquiry: first, we determine whether there was a defect in the proceeding; and second, we determine whether the noncitizen was prejudiced because of it. *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005). Because Rivas-Dubou has failed to identify any defect in the proceeding before the IJ, her due process claim fails. She accuses the IJ and BIA of "fail[ing] to take into account all factors present," but she fails to specify which pieces of evidence they ignored and how the outcome of her proceeding was affected. Her argument amounts to nothing more than her own disagreement with the IJ's and BIA's assessments of the record.

Thus, we **DENY** the petition for review.